UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES WILLIAM HEANEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:19-cv-02893-AGF |
| ) | |
| KILOLO KIJAKAZI,[1] ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This action is before the Court for judicial review of the final decision of the Commissioner of Social Security finding that Plaintiff James William Heaney was not disabled, and thus not entitled to disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434.  For the reasons set forth below, the decision of the Commissioner will be affirmed.

**BACKGROUND**

The Court adopts the statement of facts set forth in Plaintiff's Statement of Uncontroverted Material Facts (ECF No. 9-1), and in Defendant's Statement of Additional Material Facts (ECF No. 12-2), both of which have been admitted by the opposing party.  Together, these statements provide a fair description of the record

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, she is substituted as the Defendant in this suit.

before the Court. Specific facts will be discussed as needed to address the parties' arguments.

Plaintiff, who was born on January 14, 1955, protectively filed his application for benefits on July 15, 2016. He alleged disability beginning April 22, 2015, due to peripheral numbness and tingling in hands and feet, headaches, neck and shoulder pain, and depression. Plaintiff's application was denied at the administrative level, and he thereafter requested a hearing before an Administrative Law Judge ("ALJ").

A hearing was held on May 24, 2018. Plaintiff, who was represented by counsel, and a vocational expert ("VE") testified at the hearing. By decision dated October 25, 2018, the ALJ found that Plaintiff had the severe impairments of obesity, degenerative joint disease, and diabetes mellitus with neuropathy.

The ALJ also addressed Plaintiff's other medically determinable impairments, including Plaintiff's mental impairment of depression. The ALJ concluded that Plaintiff's mental impairment was not "severe" under the Commissioner's regulations. In explaining why Plaintiff's mental impairments were not severe under the regulations, the ALJ considered the four areas of mental functioning set out in the Commissioner's regulations for evaluating mental disorders, also known as the "paragraph B" criteria.

Relying on Plaintiff's function reports and the medical evidence of record, the ALJ found that Plaintiff had no more than "mild" limitations in two areas of mental functioning: understanding remembering, or applying information; and concentrating, persisting, or maintaining pace. The ALJ found that Plaintiff had no limitations in the

2

other two areas of mental functioning: interacting with others and adapting or managing oneself.

In making these findings, the ALJ considered the April 5, 2018 medical source statement of Plaintiff's psychiatrist, Matthew Wilson, M.D., who treated Plaintiff on three occasions during the relevant period. Dr. Wilson opined by checklist that Plaintiff would be off task 25% of the time or more, would miss four days of work per month, would be markedly limited in some but not all areas related to concentration and persistence, and would be moderately limited in some but not all areas related to understanding and memory, and social interaction.

The ALJ gave Dr. Wilson's opinion little weight because the ALJ found that the opinion was not supported by Dr. Wilson's own treatment records or other evidence in the record and because the opinion was inconsistent with Plaintiff's daily activities as reported in his function report submitted with his July 2016 application for benefits. Because the ALJ found that Plaintiff's medically determinable mental impairment caused no more than "mild" limitations in any of the functional areas, the ALJ concluded that Plaintiff's mental impairment was non-severe.

The ALJ concluded that none of Plaintiff's impairments or combinations of impairments met or medically equaled one of the deemed-disabling impairments listed in the Commissioner's regulations. Next, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to:

lift, carry, push or pull 20 pounds occasionally and 10 pounds frequently; sit,

3

> stand or walk six hours in an eight-hour workday; frequently climb ramps or stairs, but never climb ladders, ropes, or scaffolds[;] . . . frequently handle and finger using the left hand but can have no exposure to extremes in temperature or vibration, and no hazardous machinery in the workplace.

Tr. 20.

In making this finding, the ALJ expressly considered all symptoms and the extent to which the symptoms could reasonably be accepted as consistent with the objective medical evidence and other evidence. The ALJ also noted that the RFC assessment reflected the degree of limitation found in the "paragraph B" mental function analysis.

Relying on the VE's testimony regarding a hypothetical person with Plaintiff's RFC and vocational factors (age, education, work experience), the ALJ next found that Plaintiff remained able to perform his past relevant work as a labor relations manager dispatcher, both as he actually performed that job and as it is generally performed in the national economy. Accordingly, the ALJ found that Plaintiff was not disabled under the Social Security Act.

Plaintiff thereafter filed a timely request for review by the Appeals Council, which was denied on August 27, 2019. Plaintiff has thus exhausted all administrative remedies, and the ALJ's decision stands as the final agency action now under review.

In his brief before this Court, Plaintiff argues that the ALJ erred by failing to find his major depressive disorder to be a severe impairment. Plaintiff asks that the ALJ's decision be reversed and that the case be remanded for a new administrative hearing.

# DISCUSSION

## Standard of Review and Statutory Framework

In reviewing the denial of Social Security disability benefits, a court must review the entire administrative record to determine whether the ALJ's findings are supported by substantial evidence on the record as a whole. *Johnson v. Astrue*, 628 F.3d 991, 992 (8th Cir. 2011). The court "may not reverse merely because substantial evidence would support a contrary outcome. Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion." *Id*. (citations omitted). A reviewing court "must consider evidence that both supports and detracts from the ALJ's decision. If, after review, [the court finds] it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the decision of the Commissioner." *Chaney v. Colvin*, 812 F.3d 672, 676 (8th Cir. 2016) (citations omitted). Put another way, a court should "disturb the ALJ's decision only if it falls outside the available zone of choice." *Papesh v. Colvin*, 786 F.3d 1126, 1131 (8th Cir. 2015) (citation omitted). A decision does not fall outside that zone simply because the reviewing court might have reached a different conclusion had it been the finder of fact in the first instance. *Id.*

To be entitled to benefits, a claimant must demonstrate an inability to engage in substantial gainful activity which exists in the national economy, by reason of a medically determinable impairment which has lasted or can be expected to last for not less than 12 months. 42 U.S.C. § 423(d)(1)(A). The Commissioner has promulgated

5

regulations, found at 20 C.F.R. § 404.1520, establishing a five-step sequential evaluation process to determine disability. The Commissioner begins by deciding whether the claimant is engaged in substantial gainful activity. If not, the Commissioner decides whether the claimant has a "severe" impairment or combination of impairments. A severe impairment is one which significantly limits a person's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(c). As noted above, a special technique is used to determine the severity of mental disorders. This technique calls for rating the claimant's degree of limitations in four areas of functioning: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. 20 C.F.R. § 404.1520a(c)(3).

If the impairment or combination of impairments is severe and meets the duration requirement, the Commissioner determines at step three whether the claimant's impairment meets or is medically equal to one of the deemed-disabling impairments listed in the Commissioner's regulations. If not, the Commissioner asks at step four whether the claimant has the RFC to perform his past relevant work. If the claimant cannot perform his past relevant work, the burden of proof shifts at step five to the Commissioner to demonstrate that the claimant retains the RFC to perform work that is available in the national economy and that is consistent with the claimant's vocational factors – age, education, and work experience. *See, e.g., Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010). But even though the burden of production shifts to

the Commissioner at step five, the burden of persuasion to prove disability remains on the claimant. *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016).

**<u>Severity of Plaintiff's Mental Impairment</u>**

As noted above, at the second step of the sequential evaluation, the ALJ must determine whether the claimant has a severe impairment or combination of impairments that has or is expected to last twelve months or will result in death. 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(i)-(ii).[2] A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by the claimant's statement of symptoms. 20 C.F.R. § 404.1508. To be considered severe, an impairment must *significantly* limit a claimant's ability to do basic work activities. *See* 20 C.F.R § 404.1520(c).

"An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities." *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007) (citation omitted). "If the impairment would have no more than a minimal effect on the claimant's ability to work, then it does not satisfy the requirement of step two." *Id.* (citing *Page v. Astrue,* 484 F.3d 1040, 1043 (8th Cir. 2007)). "It is the claimant's burden to establish that his impairment or combination of impairments are severe." *Kirby*, 500 F.3d at 707 (citing *Mittlestedt v.*

---

[2] The Commissioner's regulations were amended in part, effective March 27, 2017. Per 20 C.F.R. §§ 404.614, 404.1527, the Court will use the regulations in effect at the time that this claim was filed.

*Apfel,* 204 F.3d 847, 852 (8th Cir. 2000)). While not particularly onerous, severity "is also not a toothless standard." *Kirby*, 500 F.3d at 708.

Ample evidence here supports the ALJ's conclusion that Plaintiff's depression was not severe. As the ALJ noted, Plaintiff's treatment history for depression for most of the relevant period was virtually nonexistent and included large gaps of a year or more in which he did not seek any treatment. Plaintiff did not take any medication to treat depression for the vast majority of the relevant period and, when he did, he quickly chose to stop medication due to alleged side effects and to treat with counseling instead. In any event, both on and off medication, Plaintiff's mental status examinations were largely normal. This evidence supported the ALJ's finding that Plaintiff's depression was non-severe and also supported the ALJ's decision to discount Dr. Wilson's more limited findings of functional impairment. *See Martise v. Astrue*, 641 F.3d 909, 925 (8th Cir. 2011) ("An ALJ may justifiably discount a treating physician's opinion when that opinion is inconsistent with the physician's clinical treatment note.").

Although Plaintiff argues that his depression worsened more than a year after his alleged onset date, due to the death of his brother in December of 2016, the medical records show no more than temporary, situational reports of abnormal mental status around this time, rather than the type of sustained impairment required to establish disability. *See, e.g., Gates v. Astrue*, 627 F.3d 1080, 1082 (8th Cir. 2010) ("The medical record supports the conclusion that any depression experienced by Gates was situational in nature, related to marital issues, and improved with a regimen of medication and

counseling.").

In sum, the record a shows that, throughout the relevant period, Plaintiff's treatment for depression was conservative and effective. The Court thus concludes that the ALJ's decision is supported by substantial evidence in the record as a whole.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED**. A separate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated on this 10th day of December, 2021.